DAN RAYFIELD
Attorney General
JAMES S. SMITH #840932
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000

NATHANIEL AGGREY #172283
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  James.S.Smith@doj.oregon.gov
          Nathaniel.Aggrey@doj.oregon.gov

Attorneys for Defendants Adams, Berger, Brazeau, Conzoner, Hill, Humphreys, Jester, Lawhead, O'Leary, Oregon Youth Authority, Pakseresht, Peters, Riggan and Thompson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| H.A.H., et al, <br><br> Plaintiffs, <br><br> v. <br><br> OREGON YOUTH AUTHORITY, et al. <br><br> Defendants. | Case No.  3:25-cv-02266-IM <br><br> STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM <br><br><br> **Oral Argument Requested** |

Page 1 -   STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM
    JSS/ls8/1013117820

## LR 7-1

The state defendants' counsel has conferred with plaintiffs' counsel; the parties were unable to reach agreement.

## MOTION

Pursuant to FRCP 12(b)(6) the state defendants (The State of Oregon by and through the Oregon Youth Authority ("OYA"), Marcia Adams, Richard Hill, Karen Brazeau, Robert Jester, Colette Peters, Fariborz Pakseresht, Joseph O'Leary, Gary Lawhead, Mike Conzoner, Darin Humphreys, Mike Riggan, Sid Thompson and Dan Berger[1]) move to dismiss plaintiffs' First Claim for Relief because the claim is not timely.  This motion is based upon the court's records and files herein and memorandum of Points and Authorities filed herewith.

## POINTS AND AUTHORITIES

### 1.    Background

Plaintiffs are men in their 50s, 40s, 30s, and 20s who allege that they were sexually abused under the guise of medical care when they were in the custody of OYA between 1990 and 2017.

1.  Plaintiffs' First Claim for Relief is a § 1983 Substantive Due Process claim by H.A.H, R.L.H, B.A.K., S.M.S., Z.C.S., M.J., and W.A. against All Individual Defendants.

2.  Plaintiffs' Second Claim for Relief is a § 1983 Civil Rights Violation  8th Amendment claim by D.B.R., P.D., A.Z., A.T.C., H.C.R., B.P., and T.D.P. against All Individual Defendants.

3.  Plaintiffs' Third Claim for Relief is an Oregon Tort Claims Act claim for Sexual Battery of a Child brought by D.B.R., R.L.H., P.D., B.A.K., S.M.S., and A.Z. against Defendant OYA.

---

[1] Plaintiff's counsel stated that plaintiffs intend to remove Bill Thomas, William Carey, and Bobby Mink from this case.

Page 2 -    STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM
JSS/ls8/1013117820

4.  Plaintiffs' Fourth Claim for Relief is an Oregon Tort Claims Act claim for Negligence brought by All Plaintiffs against the State of Oregon.

## 2.    State Defendants' Position

Plaintiffs allege that they were abused at MacLaren Youth Correctional Facility, between 1990 and 2017, but did not commence this case until 2025.  The lawsuit on the federal claims has not been timely commenced, since the claim accrued at the time of the alleged abuse.  Accordingly, the § 1983 claims should be dismissed.

## 3.    Discussion

### a)    § 1983 Limitations and Claim Accrual Generally

The Ninth Circuit has held that courts should apply a state's residual personal injury statute of limitation, rather than various specialized limitations statutes, to § 1983 claims. *Bonneau v Centennial School District No. 28J,* 666 F.3d 577 (2012).  This approach avoids unnecessary litigation and helps preserve the effectiveness of the § 1983 remedy.  In Oregon, the statute borrowed is ORS 12.110, which allows two years to commence the case.  *Bonneau v Centennial School District No. 28J,* 666 F.3d 577 (2012).  Tolling for minors in an Oregon § 1983 case is governed by ORS 12.160, which allows for up to one year after a plaintiff reaches the age of majority. *Id.*

The accrual of a § 1983 claim is governed by federal law, not state law.  *Bonneau*, 666 F.3d at 580 (9th Cir. 2012).  Under federal law, the claim accrues "when plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury".  *Lukovsky v City and County of San Francisco*, 535 F.2d 1044, 1050 (9th Cir. 2008).

Plaintiffs allege that they were sexually abused under the guise of medical care sometime between 1990 and 2017.  The lawsuit was filed on December 5, 2025.  To survive a motion to dismiss, the court must conclude the factual allegations are sufficient to create an issue of fact that plaintiffs' § 1983 claims accrued no earlier than December 5, 2023.

Page 3 -    STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM
JSS/ls8/1013117820

### b)    Plaintiffs' Allegations

Plaintiffs' Complaint alleges four different legal theories on behalf of fourteen different plaintiffs.  All plaintiffs were in OYA custody at varying times between 1990 and 2021.  All plaintiffs allege that they were sexually abused by an OYA physician named Edward Gary Edwards, who was acting under the guise of providing medical care.

Plaintiffs' 31 page Complaint starts with a single page entitled "Nature of the Action" which contains no numbered paragraphs but makes general allegations about what happened to plaintiffs at MacLaren, followed by 37 numbered paragraphs which identify and describe the PARTIES, followed by 25 numbered paragraphs of "GENERAL ALLEGATIONS" which include subheadings for "Doctor Cold Fingers", "OYA's Knowledge of Problems with Edwards", and "PREA Standards".  Beginning at Paragraph 64, the Complaint contains five to eleven paragraphs making specific allegations on behalf of each of the fourteen plaintiffs.  Finally, at Paragraphs 165 through 210, the Complaint states plaintiffs' four claims for relief: 1) a § 1983 Claim for violation of plaintiffs' substantive due process rights under the 14th amendment; 2) § 1883 Claim for violation of plaintiff's 8th amendment rights; 3) an Oregon Tort Claims Act ("OTCA") claim for sexual battery; and 4) an OTCA negligence claim.

Succinctly summarized, plaintiffs specifically allege that under the guise of medical care, each of them endured sexual abuse at the hands of an OYA doctor, and that they did not realize the doctor's actions were sexual abuse until years later, when news of Edwards conduct towards other youth made them realize that their experience was abuse and they became aware of OYA's tortuous conduct.

All of the Plaintiffs state that Edwards was infamously known as "Dr. Cold Fingers" by youth and staff for abusively touching detained youth with ungloved hands during exams. (Compl ¶ 40).

Five of the Plaintiff's state that they complained about Edwards conduct at the time that the conduct occurred.  Specifically, D.B.R. reported Edwards conduct to OYA staff. (Compl ¶

Page 4 -    STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM
JSS/ls8/1013117820

73); R.L.H. thought something was wrong and filed a grievance. (Compl ¶ 78); B.A.K. thought something was wrong and alerted staff.  B.A.K. also filed a grievance. (Compl. ¶ 91); S.M.S. reported Edwards acts to OYA staff on multiple occasions. (Compl. ¶ 97); A.T.C. was unsure about the medical necessity of Edwards' conduct during visits and spoke with staff about his discomfort. (Compl ¶ 113). While all plaintiffs state they knew during their time at OYA that Edwards abusively touched youth, five took affirmative steps to report Edwards conduct while they were at OYA.

### c)      Impact of the Allegations on Claim Accrual

The allegations of the Complaint seem to have been crafted in an effort to make an issue of fact under Oregon's state law "discovery rule".  But since federal claim accrual is governed by federal law, the sufficiency of the allegations must be analyzed under federal cases.  "Under federal law, a claim accrues when plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). The "injury" is the harm alleged in the Complaint, not the "legal wrong" that renders the injury actionable. *Doe v County of Josephine,* 2015 WL 2412181 (D. Or. 2015), *affirmed* 687 Fed. Appx. 567 (9th Cir. 2017).

The *Doe v. County of Josephine* case is highly analogous to the case at hand.  In *Doe,* plaintiffs alleged they had been sexually abused as boys by a Josephine County juvenile probation officer in the 1980s and 1990s but did not file suit until 2015, when the plaintiffs were in their thirties and forties.  Plaintiffs contended that there were issues of fact concerning claim accrual because they did not know until long after the abuse that their ongoing mental health issues had been caused by the abuse.  The court found that Oregon's two-year statute of limitations for personal injuries applies to actions brought under § 1983, and plaintiffs were required to file suit within two years of the accrual of their claims.  *Id* at 2. The plaintiff's civil rights claims accrued under federal law when the plaintiff knew or in the exercise of reasonable diligence should have known the injury and cause of that injury.  *Id*.  The actual injury is the

Page 5 -    STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM

harm alleged in the complaint, not the legal wrong that renders the injury actionable. *Id.* In *Doe*, plaintiffs stated in their depositions that they knew they were abused by defendant, and that they felt pain, shame, fear, anger and or embarrassment after being abused. *Id* at 6. Plaintiff's federal claims accrued at the time plaintiffs recognized they had suffered some harm and knew the identity of the tortfeasor, even if a different kind of psychological harm arose years later.

The facts of *Doe* are similar to this case. Like the plaintiffs in Doe who knew they were abused by the defendant and felt pain, shame, fear, anger, and or embarrassment after they were abused, the plaintiffs in this case knew they were abused by Edwards at the time of the conduct. The plaintiffs plead that knowledge by stating that Edwards was infamously known as "Dr. Cold Fingers for abusing youth". That individual plaintiffs knew they had been harmed and reported Edwards conduct at the time. And that, individual plaintiffs knew that they had been touched in a way that caused embarrassment or shame at the time of the conduct. While Plaintiffs also pleaded that in 2025 they learned through news reporting about Edwards other victims and realized that they had been abused and learned of OYAs tortious conduct, that knowledge is not relevant to the claim accrual analysis. For federal claim accrual, the actual injury for claim accrual is the harm alleged in the complaint, not the legal wrong that renders the injury actionable.

Similarly, in *VT v City of Medford,* 2015 WL 300270 (D. Or. 2015) plaintiff alleged that he suffered sexual assault by a Medford police officer in 1981 but did not file suit until decades later. On summary judgment, the court found that the painful nature of the assault and the fact that it happened at the Medford police station were enough that plaintiff's federal claim accrued at the time of the assault. Adding one year for minor tolling, the federal claim accrued when plaintiff turned 19 and the court granted summary judgment for the defense on the federal claims.

Finally, in *Scriber v Peters,* 2023 WL 4074768 (D. Or. 2023), plaintiff was an adult in custody with the Oregon Department of Corrections in 2013 through 2015 and had a sexual

Page 6 -   STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM
JSS/ls8/1013117820

relationship with a corrections officer. She filed suit in 2021, alleging federal and state law theories against ODOC and several ODOC executives. On summary judgment, plaintiff contended her case was timely, since she did not recognize the corrections officer had "groomed" her to be accepting of his advances and that she did not understand the conduct to be tortious until years later. The court found that plaintiff's federal law claims accrued at the time of the abuse: "Plaintiff was aware of her injury and its cause more than two years before she filed suit, and she need not be aware of the full extent of the harm for her cause of action to accrue." Importantly, the court found there could be an issue of fact on whether plaintiff knew of "tortious conduct" for Oregon's discovery rule even though her federal claims were not timely.

In *St. Clair v. Okanogan*, the court found that it is important to carefully apply the statute of limitations in sexual assault cases because individuals who suffer sexual assault may not become aware of or understand the causes of their injuries until years later and therefore have a plausible theory of delayed accrual of their injuries. *St. Clair v. Okanogan*, 154 F.4th 1154 (9th Cir. 2025). In that case, Plaintiff alleged that a Sheriff's deputy took advantage of her known addiction and involvement in criminal activity to coerce her into a quid pro quo: in exchange for unwanted sexual contact with him she would not face criminal investigation or prosecution for a burglary for which he knew of her involvement. Plaintiff made some mention of this quid pro quo to her uncle who contacted the police department, although it is unclear from the record whether she told the uncle that the contact was unwanted. Plaintiff only became aware that she had been harmed when she read a new article in 2021 detailing the deputy's inappropriate sexual contact with other similarly situated women. After realizing that he used his position of authority to manipulate her she started experiencing pain, anxiety, and other negative effects. The court found that struggling with addiction, fearful of criminal liability, and coerced by the deputy into sexual acts, Plaintiff sufficiently alleged evidence that the delayed realization of her injuries justified delayed filing. In reaching that decision the court reasoned that the power imbalance between law enforcement officer and a vulnerable victim may result in delayed

Page 7 -    STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM

realization, and many victims of sexual assault feel so upset, embarrassed, humiliated, and ashamed that they do not tell anyone it occurred.

*St. Clair* is distinguishable from the present case in three important ways. First, the plaintiffs in the present case did know that the injury occurred and, while sexual assault may have caused them to feel embarrassed or humiliated, they still told people about the conduct. Plaintiffs allege that they alerted staff, filed grievances, or submitted complaints (Compl ¶¶ 73, 78, 91, 97, 113,). Plaintiffs also knew the injury occurred because Edwards was infamous for abusing youth. (Compl ¶ 40). Second, most of the plaintiffs have not alleged that after the delayed realization of their injuries they experienced symptoms or negative impacts. (Compl ¶¶ 69, 76, 82, 87, 88, 95, 101, 107, 118, 125, 143, 150, 156, 163). Finally, the coercive elements of *St. Clair* were not present for the youth in this case, because there was no quid pro quo or threats of new charges. The allegations of the complaint are sufficient to conclude the federal claims accrued at the time of the abuse. Each plaintiff alleges that they were touched in a way they did not like by a doctor who they knew worked for OYA. Without more, this is sufficient to trigger claim accrual for the § 1983 claim.

The federal claims accrued at the time plaintiffs knew they had been touched in a way they did not like and knew who did it. Taken as a whole, the allegations of the Complaint establish accrual of the federal claim either two years from the touching or by each plaintiff's 19th birthday (whichever came later). The most recent claim of abuse in the complaint is from 2017 with the plaintiff turning 19 in 2018. Therefore, the statute of limitations has run on the federal claims.

As opposed to the federal claims, Oregon's "discovery rule" delays claim accrual until plaintiff knew or should have known of: 1) harm; 2) causation; and 3) tortious conduct. *Gaston v Parsons,* 318 Or. 274 (1994). The allegations of the Complaint seem aimed at the tortious conduct element: that plaintiffs did not know what Edwards did was wrong until years later.

Page 8 -   STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM

While such allegations may suffice under Oregon law, as the court in *Scriber* found, there can be an issue of fact on state law claim accrual when there is none on federal claim accrual.

### d. Conclusion

This motion attacks only plaintiffs' § 1983 claims as to D.B.R, R.L.H, B.A.K., S.M.S., and A.T.C.. The allegations of the Complaint are sufficient to establish that the § 1983 claims for these plaintiffs accrued more than two years before filing. The federal claim should be dismissed.

DATED March 2 , 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Nathaniel Aggrey*
JAMES S. SMITH #840932
NATHANIEL AGGREY #172283
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.oregon.gov
Nathaniel.Aggrey@doj.oregon.gov
Of Attorneys for Defendants Adams, Berger,
Brazeau, Conzoner, Hill, Humphreys, Jester,
Lawhead, O'Leary, Oregon Youth Authority,
Pakseresht, Peters, Riggan and Thompson

Page 9 -    STATE DEFENDANTS' MOTION TO DISMISS FIRST CLAIM
JSS/ls8/1013117820

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# CERTIFICATE OF SERVICE

I certify that on March  2 , 2026, I served the foregoing STATE DEFENDANTS'

MOTION TO DISMISS FIRST CLAIM upon the parties hereto by the method indicated below,

and addressed to the following:

Jesse Alan Merrithew
Norah Van Dusen
Sara Long
Levi Merrithew Horst PC
610 SW Alder St, Ste 415
Portland, OR 97205

\___ HAND DELIVERY
\___ MAIL DELIVERY
\___ OVERNIGHT MAIL
\___ TELECOPY (FAX)
\___ E-SERVE
 X  E-MAIL
*Jesse@lmhlegal.com; Norah@lmhlegal.com;*
*SaraLong@lmhlegal.com;*
*Sarah@lmhlegal.com;*


   *s/ Nathaniel Aggrey*
JAMES S. SMITH #840932
NATHANIEL AGGREY #172283
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.oregon.gov
Nathaniel.Aggrey@doj.oregon.gov
Of Attorneys for Defendants Adams, Berger,
Brazeau, Conzoner, Hill, Humphreys, Jester,
Lawhead, O'Leary, Oregon Youth Authority,
Pakseresht, Peters, Riggan and Thompson

Page 1 -   CERTIFICATE OF SERVICE
       JSS/ls8/1011621644