DAN RAYFIELD
Attorney General
NATHANIEL AGGREY #172283
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791

JESSICA KAMPFE #063887
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-50

Email:   Nathaniel.Aggrey@doj.oregon.gov
        Jessica.Kampfe@doj.oregon.gov

Attorneys for Defendants Adams, Berger, Brazeau, Conzoner, Hill, Humphreys, Jester, Lawhead,
O'Leary, Oregon Youth Authority, Pakseresht, Peters, Riggan and Thompson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| H.A.H., et al,<br><br>    Plaintiffs,<br><br>  v.<br><br>OREGON YOUTH AUTHORITY, et al.<br><br>    Defendants. | Case No.  3:25-cv-02266-MC<br><br>ANSWER TO COMPLAINT |

The state defendants (State of Oregon by and through the Oregon Youth Authority ("OYA"), Adams, Hill, Brazeau, Jester, Peters, Pakseresht, O'Leary, Lawhead, Conzoner, Humphreys, Riggan, Thompson, and Berger)[1] respond to plaintiffs' Complaint as follows:

1.

State defendants lack information sufficient to respond to the allegations of Paragraphs 1-14 and on that basis deny the allegations.

2.

State defendants admit that Adams was the Assistant Director of Health Services, a supervising physician, and Director of health services at OYA at some times but deny the remaining allegations of Paragraph 15.

3.

State defendants lack information sufficient to respond to the allegations of Paragraph 16 and on that basis deny the allegations.

4.

State defendants lack information sufficient to respond to the allegations of Paragraph 17 and on that basis deny the allegations.

5.

State defendants admit that Hill was the Juvenile Corrections director and Director of OYA at some times but deny the remaining allegations of Paragraph 18.

6.

State defendants admit that Brazeau was the Director of OYA at some times but deny the remaining allegations of Paragraph 19.

7.

State defendants admit that Jester was the Director of OYA at some times but deny the remaining allegations of Paragraph 20.

_____

[1] William Carey and Bobby Mink are deceased.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

8.

State defendants lack information sufficient to respond to the allegations of Paragraph 21 and on that basis deny the allegations.

9.

State defendants admit that Peters was the Director of OYA at some time but deny the remaining allegations of Paragraph 22.

10.

State defendants admit that Pakseresht was the Director of OYA at some time but deny the remaining allegations of Paragraph 23.

11.

State defendants admit that O'Leary was the Director of OYA at some time but deny the remaining allegations of Paragraph 24.

12.

State defendants admit that Hill was Superintendent at MacLaren at some time but deny the remaining allegations of Paragraph 25.

13.

State defendants admit that Jester was Superintendent at MacLaren at some time but deny the remaining allegations of Paragraph 26.

14.

State defendants admit that Lawhead was Superintendent at MacLaren at some time but deny the remaining allegations of Paragraph 27.

15.

State defendants admit that Conzoner was Superintendent at MacLaren at some time but deny the remaining allegations of Paragraph 28.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

16.

State defendants admit that Humphries was Superintendent at MacLaren at some time but deny the remaining allegations of Paragraph 29.

17.

State defendants admit that Riggan was Superintendent at MacLaren at some time but deny the remaining allegations in Paragraph 30.

18.

State defendants admit that Thompson was Superintendent at MacLaren at some time but deny the remaining allegations in Paragraph 31.

19.

State defendants admit that Berger was Superintendent at MacLaren at some time but deny the remaining allegations of Paragraph 32.

20.

State defendants admit the allegation of Paragraph 33 that the individuals named in Paragraphs 25 -32 were Superintendents at MacLaren at some time.

21.

State defendants lack information sufficient to respond on behalf of Thomas, Carey and Mink and on that basis deny the allegations of Paragraph 34. State defendants otherwise admit the allegations of Paragraph 34.

22.

State defendants lack information sufficient to respond on behalf of fictitious parties and on that basis deny the allegations of Paragraph 35.

23.

State defendants admit that Edwards was a physician employed by OYA but deny the remaining allegations of paragraph 36.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

24.

State defendants admit that OYA is a state agency that operated MacLaren and other youth correctional facilities but deny the remaining allegations of Paragraph 37.

25.

State defendants admit that Edwards was a physician providing medical care for incarcerated youth at MacLaren but deny the remaining allegations of Paragraph 38.

26.

State defendants deny the allegations of Paragraph 39.

27.

State defendants lack information sufficient to respond for non-parties and fictitious parties and on that basis deny the allegations of Paragraphs 40 – 45. The allegations of Paragraphs 40-45 are otherwise denied.

28.

State defendants deny the allegations of Paragraphs 46-47.

29.

State defendants lack sufficient information to respond on behalf of fictitious parties and on that basis deny the allegations of Paragraph 48. The allegations of Paragraph 48 are otherwise denied.

30.

State defendants deny the allegations of Paragraph 49-50.

31.

State defendants admit that PREA was passed as a law in 2003. State defendants deny the remaining allegations of Paragraph 51.

32.

State defendants admit that the U.S. Department of Justice (DOJ) promulgated the PREA standards in 2012. State defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 52 and therefore deny them.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

33.

State defendants admit that OYA adopted policies designed to implement PREA standards but deny the remaining allegations of Paragraph 53.

34.

State defendants admit that OYA adopted a zero-tolerance policy towards sexual abuse and harassment in its youth custodial facilities but otherwise deny the allegations of Paragraph 54.

35.

State defendants admit that OYA established the Professional Standards Office (PSO) in 2006 but otherwise deny the allegations of Paragraph 55.

36.

State defendants admit that OYA established a PREA coordinator in 2009 and that they received technical assistance from the National Institute of Corrections but otherwise deny the allegations of Paragraph 56.

37.

State defendants deny the allegations of Paragraphs 57-61.

38.

Regarding Paragraphs 62-63, state defendants admit that the Department of Administrative Services (DAS) released an investigation report in March of 2025 and that the report speaks for itself. The remaining allegations in Paragraphs 62-63 are denied.

39.

State defendants admit that H.A.H was committed to the care and custody of OYA and placed at MacLaren.  State defendants lack information sufficient to reply the remaining allegations of Paragraph 64 and on that basis deny.

NA3/ls8/1011685748

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

40.

State defendants lack information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 65-70. The allegations of Paragraphs 65-70 are otherwise denied.

41.

State defendants admit that D.B.R. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 71 and on that basis deny.

42.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 72 -77. The allegations of Paragraphs 72-77 are otherwise denied.

43.

State defendants admit that R.L.H. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 78 and on that basis deny.

44.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 79 -82. The allegations of Paragraphs 79-82 are otherwise denied.

45.

State defendants admit that P.D. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 83 and on that basis deny.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

46.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 84 -88.  The allegations of Paragraphs 84-88 are otherwise denied.

47.

State defendants admit that B.A.K. was committed to the care and custody of OYA and placed at MacLaren.  State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 89 and on that basis deny.

48.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 90 -95.  The allegations of Paragraphs 90-95 are otherwise denied.

49.

State defendants admit that S.M.S. was committed to the care and custody of OYA and placed at MacLaren.  State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 96 and on that basis deny.

50.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 97 -101.  The allegations of Paragraphs 97-101 are otherwise denied.

51.

State defendants admit that A.Z. was committed to the care and custody of OYA and placed at MacLaren.  State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 102 and on that basis deny.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

52.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 103 -108. The allegations of Paragraphs 103-108 are otherwise denied.

53.

State defendants admit that A.T.C. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 109 and on that basis deny.

54.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 110 -119. The allegations of Paragraphs 110-119 are otherwise denied.

55.

State defendants admit that Z.C.S. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 120 and on that basis deny.

56.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 121-126. The allegations of Paragraphs 121-126 are otherwise denied.

57.

State defendants admit that M.J. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 127 and on that basis deny.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

58.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 128 -134. The allegations of Paragraphs 128-134 are otherwise denied.

59.

State defendants admit that H.C.R. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 135 and on that basis deny.

60.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 136-144. The allegations of Paragraphs 136-144 are otherwise denied.

61.

State defendants admit that W.A. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 145 and on that basis deny.

62.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 146 -151. The allegations of Paragraphs 146-151 are otherwise denied.

63.

State defendants admit that B.P. was committed to the care and custody of OYA and placed at MacLaren. State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 152 and on that basis deny.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

64.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 153 -157.  The allegations of Paragraphs 153-157 are otherwise denied.

65.

State defendants admit that T.D.P. was committed to the care and custody of OYA and placed at MacLaren.  State defendants lack information to sufficiently reply to the remaining allegations of Paragraph 158 and on that basis deny.

66.

State defendants lack sufficient information to respond on behalf of non-parties and on that basis deny the allegations of Paragraphs 159-164.  The allegations of Paragraphs 159-164 are otherwise denied.

67.

State defendants respond as above to allegations in Paragraph 165.

68.

State defendants deny the allegations in Paragraphs 166-182.

69.

State defendants respond as above to allegations in Paragraph 183.

70.

State defendants deny the allegations in Paragraphs 184 – 200.

71.

State defendants respond as above to allegations in Paragraph 201.

72.

State defendants deny the allegations in Paragraphs 202-205.

73.

State defendants respond as above to allegations in Paragraph 206.

NA3/ls8/1011685748

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

74.

State defendants deny the allegations in Paragraphs 207 – 208.

75.

State defendants deny the allegations in Paragraph 210.

76.

State defendants deny the allegations in Paragraph 211.

77.

Except as expressly admitted above, the state defendants deny each and every

allegation of Plaintiff's First Amended Complaint and the whole thereof.

## FIRST AFFIRMATIVE DEFENSE

78.

Plaintiffs failed to commence the case within the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

79.

Plaintiffs failed to serve an adequate or timely tort claim notice.

## THIRD AFFIRMATIVE DEFENSE

80.

The Oregon Tort Claims Act ("OTCA") provides a limited waiver of the state's

sovereign immunity for common law ort claims. For sovereign immunity to be waived under the

OTCA, the state employee whose conduct is allegedly tortious must be acting within the course

and scope of their employment and not engaged in willful misconduct or malfeasance in office.

The complaint alleges that while on duty a doctor employed by the state sexually abused

plaintiffs. Sexual abuse is willful misconduct, thus outside the limited waiver of the OTCA.

Accordingly, the state defendants have sovereign immunity from the state law claims.

## FOURTH AFFIRMATIVE DEFENSE

81.

Plaintiffs failed to exhaust administrative remedies.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**FIFTH AFFIRMATIVE DEFENSE**

82.

Any and all of plaintiffs' damages were directly and proximately caused by plaintiffs' negligence in one or more of the following particulars:

    a. In failing to report to proper OYA authority the conduct alleged in the Complaint; and

    b. In failing to timely report to law enforcement the conduct alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

83.

For the purpose of the Civil Rights Act, the state is not a person who can be sued. Accordingly, Counts I and II fail to state a claim against the State of Oregon.

**SEVENTH AFFIRMATIVE DEFENSE**

84.

Punitive damages are not permitted under the OTCA.

**EIGHTH AFFIRMATIVE DEFENSE**

85.

On the state law claims, plaintiffs' damages are capped under the OTCA cap available at the time of the alleged abuse.

**NINTH AFFIRMATIVE DFENSE**

86.

The state defendants allege that all material times each of them was acting in good faith and within appropriate discretion pursuant to the laws and statues of the State of Oregon and of the United States. Their conduct violated no clearly established statutory or constitutional rights of which a reasonable state worker would have been aware. Accordingly, each of the state defendants is entitled to qualified immunity.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

WHEREFORE, having fully answered plaintiffs' complaint, state defendants pray for a judgment of dismissal and for judgement in their favor of costs and disbursements incurred herein.

DATED April  28, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


    s/ Jessica Kampfe
NATHANIEL AGGREY #172283
JESSICA KAMPFE #063887
Senior Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Nathaniel.Aggrey@doj.oregon.gov
Jessica.Kampfe@doj.oregon.gov
Of Attorneys for Defendants Defendants Adams, Berger, Brazeau, Conzoner, Hill, Humphreys, Jester, Lawhead, O'Leary, Oregon Youth Authority, Pakseresht, Peters, Riggan and Thompson

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791